1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  AMIE D. ROONEY (CABN 215324)
   Assistant United States Attorney
5
       150 Almaden Boulevard, Suite 900
6      San Jose, California 95113
       Telephone: (408) 535-5061
7      FAX: (408) 535-5066
       Amie.Rooney@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17CR0115-EJD (HRL) |
| Plaintiff, | |
| v. | [~~PROPOSED~~] ORDER (1) DETAINING DEFENDANT CUONG CAO DANG PENDING TRIAL AND (2) REVOKING DEFENDANT'S PRETRIAL RELEASE ON CR13-0486-EJD |
| CUONG CAO DANG, a/k/a Calvin Dang, | |
| Defendant. | |

Defendant Cuong Cao Dang ("the defendant") is charged in an indictment with obstructing a criminal investigation, in violation of 18 U.S.C. § 1510, contempt of court, in violation of 18 U.S.C. §403(3), and blackmail and aiding and abetting, in violation of 18 U.S.C. §§ 873 and 2. The defendant was previously charged by a federal grand jury on July 24, 2013, in a superseding indictment, in related case number CR13-0486-EJD, with, among other crimes, conspiracy to commit mail fraud and mail fraud, in violation of 18 U.S.C. § 1341, and multiple counts of money laundering, in violation of 18 U.S.C. § 1957. The court granted the defendant pretrial release in the prior case on or about September 2, 2013, the defendant pled guilty to multiple charges on December 11, 2015, pursuant to a plea agreement with the United States, and he was under the supervision of the court at the time of the present indictment. At the time of his arraignment in the present matter, the United States moved both

for the defendant's detention pursuant to 18 U.S.C. § 3142 and for the defendant's prior release conditions in case no. CR13-0486-EJD to be revoked pursuant to 18 U.S.C. § 3148.

On April 13, 2017, following a hearing before this Court, and considering the parties' briefs and additional proffers at the hearing, the opinion of the Pretrial Services Officer, and the factors set forth in both 18 U.S.C. §§ 3148 (probable cause to believe he had committed another crime) and 3142(g) (namely, (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against defendant; (3) defendant's character, physical and mental condition, family and community ties, past conduct, and criminal history; and (4) the nature and seriousness of the economic danger to any person or to the community that would be posed by defendant's release), the Court ordered the defendant detained, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required and the safety of any other person and the community. *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *United States v. Reynolds*, 956 F.2d 192, 193 (9th Cir. 1992).

Specifically, the Court noted, among other factors, the following: (1) the seriousness of the allegations contained in the indictment for which the grand jury has found probable cause; (2) the length of the sentence the defendant faces in the prior indictment to which he has already pled guilty and admitted his conduct; (3) the inability of the defendant to follow the prior stringent release conditions set by the Court; (4) the inability of the Court to be reasonably assured that there were not others who either had been or who would be similarly economically victimized by the defendant; and (5) the Court's inability to prevent similar actions of the defendant posing an economic danger to the community through the fashioning of any combination of conditions.

## **ORDER**

Having found the defendant to be an economic danger to the community, the Court orders the defendant detained pending trial in the present matter as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required and the economic safety of any other person and the community. Further, the defendant's prior order of release is ordered revoked based on the Court's finding that there is probable cause to believe he has committed a federal

crime while on release, and there is also no combination of conditions that will assure the economic safety of any other person or the community should he remain on release.

Therefore, the defendant is hereby committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with counsel. *See* 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver defendant to the United States Marshal for a court appearance. *See* 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED

DATED: 5/2/17

_____
THE HONORABLE HOWARD R. LLOYD
United States Magistrate Judge